## Campbell v. Dotson, et al.

(Decided October 15, 1912.)

Appeal from Pike Circuit Court.

Partnership—Accounting and Settlement—Weight and Sufficiency of Evidence.—Where, in action for an accounting and settlement of the partnership affairs, the evidence is vague and conflicting as to whether a partnership agreement had been entered into; as to the terms of the agreement, if there was any, and as to the amount of profit realized by each out of the partnership business and where the amount of profit and demands, asserted by each partner against the other, were apparently approximately equal, the judgment of the chancellor, dismissing the plaintiff's petition and defendant's counterclaim and directing each party to pay his own costs, will not be disturbed.

BUTLER & MOORE for appellant.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

W. A. Campbell brought suit in the Pike Circuit Court against John H. Dotson, John S. Dotson and Green Dotson, in which he sought to recover of them $2,084, alleged to be due him in the settlement of a partnership formed for the purpose of the purchase and sale

of certain real estate. He also claimed that they were indebted to him in a larger sum, as the balance of the purchase price of certain real estate which he had sold to them. But, it appears that this latter question was amicably disposed of by the parties themselves before the case was finally submitted for judgment in the lower court, and only the questions arising out of the alleged partnership, were passed upon by the lower court and are now here for consideration upon appeal. The defendants, John S. Dotson and Green Dotson, denied the exitsence of any partnership between them, or either of them, and the plaintiff. John H. Dotson, in his answer, admitted conferring with appellant about the formation of a partnership, and that he made a tentative agreement with appellant relative thereto, but denied that any such partnership had been formed or existed between them, and pleaded further that he had bought an interest in certain of the lands, which they considered buying together, and that the plaintiff had also bought an interest in the same lands, alleging that the profits realized by the plaintiff were greater than the profits realized by him, and that as a matter of fact, if their negotiations should be considered as amounting to the formation of a partnership, plaintiff would, on a fair settlement, be indebted to him. It was also set up and pleaded that plaintiff was indebted to the defendants in the sum of $272.72, the unsatisfied balance of a judgment, which they had procured against him in the circuit court of Buchanan County, Virginia; and they, likewise, sought judgment against him for this amount. The plaintiff denied that he had purchased any land for the partnership, and that he was indebted to the defendants, or any of them, on this account; and pleaded affirmatively that the judgment, set up and relied upon, had been paid off and satisfied by him, in fact, before the judgment was entered. Upon these issues thus joined, proof was taken, and the matter submitted to the master commissioner, who, upon consideration of the evidence offered, filed his report finding in favor of plaintiff in the sum of $473.53, if the Buchanan and White interests taken over by Campbell were included in the partnership, and in the sum of $1,800.03, if those interests were excluded from the partnership. Upon the trial of the exceptions, filed by each of the parties, to this commissioner's report, the chancellor was of opinion that

neither party was entitled to recover anything against the other, and he, therefore, entered a judgment dismissing the plaintiff's petition, also the defendants' counterclaim, and directed each party to pay his own costs. From that judgment the plaintiff prayed an appeal, and in this court the defendants have prosecuted a cross appeal.

While appellant alleged in his petition that there was a partnership agreement between himself, John S. and Green Dotson to buy certain lands, his testimony fails to support this allegation, but, on the contrary, shows conclusively that there was no partnership arrangement whatever between himself and either John S. or Green Dotson. As to the partnership between himself and John H. Dotson, while the evidence shows that they did discuss the question, and, in a measure, agreed to buy lands, the evidence is not at all satisfactory as to just what lands were to be bought, or as to what the terms of this partnership were. Appellant says the partnership agreement contemplated the purchase of at least nine tracts of land; appellee says that they considered but four, or at most five, tracts. This wide discrepancy in the testimony as to the extent of the partnership business is not more marked than is the difference between the testimony of appellant and appellee as to the terms of the partnership. According to the testimony of appellant, appellee was to buy this land, appellant was to look after the removal of certain clouds from the titles, neither was to furnish any money for the payment for the lands, which were to be bought on the option plan, but the party to whom it was ultimately sold, with whom they had contracted for the sale of their own lands, was to pay for it. Appellee testifies that they agreed to purchase certain designated tracts of land in partnership, each to furnish his half of the purchase price, and, when sold, the profits were to be divided; that he frequently called upon appellant to comply with this part of the arrangement or agreement; that appelland either could not, or would not, do so; that he, thereupon, proceeded to, and did, buy not only these but other lands using in payment therefor his own money and also some money which he secured as an advancement on the land; that in these negotiations and transactions looking to the purchase of these tracts of land appellant had no part whatever, did nothing whatever; and that, when

appellant failed and refused to furnish any part of the purchase price, as it was understood he should, he considered the agreement, which he had with appellant, at an end. During the progress of his negotiations for the purchase of several of these tracts of land, he discovered that the residents upon each tract owned only a two-thirds interest therein, and that the remaining one-third interest was owned by Buchanan and White, a firm of lawyers residing at Abingdon, Virginia; that, after he had purchased the two-thirds interest of the resident owners, he had a conversation with appellant, and, while he denied to appellant any right whatever to participate in the profits, which he had realized by the purchase and sale of this two-thirds interest in the tracts which they had considered purchasing in partnership, he told appellant that if he would buy the one-third interest of Buchanan and White in these same lands, he was then ready to account to him for his share of the profits just as though the partnership agreement, as originally contemplated, had been carried out. He further states, and it is true, that appellant thereafter purchased the interest of Buchanan and White in said lands and sold it at a gross profit of $2,725; but appellant insists that, inasmuch as he purchased the interest of Buchanan and White five or six months after appellee, John H. Dotson, had disposed of his interest in these lands, he cannot be held to the partnership agreement. This claim is rested upon the idea that, when John H. Dotson sold the lands which he had bought and refused to account to appellant for any part of the profits therefrom, the partnership was terminated, and, although appellant thereafter bought an interest in the same lands and conveyed this interest to the same parties, to whom John H. Dotson sold, it was his individual transaction, and that John H. Dotson had no right to claim an interest in the profits. Each acted upon his own initiative, and apparently with the view of gaining all the advantage possible. If the terms of the partnership are as alleged by appellee, John H. Dotson, it is clear that appellant cannot complain that he was denied the right to participate in the profits realized by John H. Dotson out of the lands bought by him, for the reason that he never carried out or complied with his part of the partnership agreement. If he obligated himself to furnish half of the money necessary to conduct the business and failed and re-

fused to furnish any part of it, he is in no position to complain; and the chancellor would have, under this state of facts, been justified in entering the judgment which he did, for the reason that, if there was no partnership agreement, neither appellant nor appellee would be entitled to enforce any claim against the other on that account. On the other hand, if there was an enforcible contract of partnership between them, the state of the record is such that it is impossible to determine with accuracy the real merits of the controvery. Appellee admits realizing a gross profit of $3,384.46 out of the land purchased by him. He further testifies that, in procuring titles to these lands, he was at an expense of $542.85, leaving a net profit of $2,841.61. Appellant admits realizing a gross profit of $2,725 out of the lands purchased by him, and claims to have been at an expense of $225 in procuring his title, but the evidence supporting his expense account is not presented in such a way as to warrant a deduction from the gross profits of anything like the amount claimed. Appellee also set up, by way of counterclaim, an unsatisfied balance on a judgment which he had procured against appellant in the circuit court of Buchanan County, Virginia. This amounted to more than $200. There was some evidence in the record tending to show that this judgment, or the greater part thereof, had been satisfied, but upon this point the evidence is not clear.

Upon the state of the record, the chancellor may have rested his judgment upon the respective claims presented by each and found that, at most, appellee received a net profit of $2,841.61 and appellant a net profit of $2,500, making a total profit of $5,341.61, or a profit of $2,670.80 each. This would have made appellee receive $170.81 more than his share. To offset this appellee presented his judgment claim, which, if allowed, would more than offset the balance due appellant by appellee on the partnership account; and certainly appellant is in no position to complain if the chancellor adopted these figures in reaching the conclusion which he did. With no certain basis to proceed upon, and the evidence being vague, uncertain and very conflicting, we are unwilling to disturb the judgment of the chancellor, which doubtless does justice to the parties.

Judgment affirmed on both the original and cross appeal.